Jennifer L. Lange (8470)
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111
(801) 595-7800

Timothy P. Getzoff (*pro hac vice pending*)
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, Colorado 80302
(303) 473-2700

Attorneys for Plaintiff Colorado Snack Foods, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COLORADO SNACK FOODS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROCKY MOUNTAIN KETTLE CORN, LLC<br><br>Defendant. | **Judge Ted Stewart**<br>**DECK TYPE: Civil**<br>**DATE STAMP: 01/24/2006 @ 16:26:22**<br>**CASE NUMBER: 2:06CV00073 TS**<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Colorado Snack Foods, LLC, through counsel, alleges and complains against Defendant Rocky Mountain Kettle Corn, LLC as follows:

### INTRODUCTION

1.  This is an action for trademark infringement and unfair competition resulting from Defendant Rocky Mountain Kettle Corn's use of the phrase ROCKY MOUNTAIN KETTLE CORN as a trademark to market and sell a line of popcorn in

competition with Plaintiff's popcorn, which it sells under the trademark ROCKY MOUNTAIN POPCORN COMPANY. Despite being requested by Plaintiff to discontinue use of the infringing mark, Defendant has willfully continued to market and sell goods under ROCKY MOUNTAIN KETTLE CORN. Consequently, Plaintiff brings this action under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and supplemental state law, to enjoin Defendant's further violation of Plaintiff's trademark rights in the ROCKY MOUNTAIN POPCORN COMPANY trademark, and to disgorge all profits wrongfully received from use of the infringing trademark.

## THE PARTIES

2. Plaintiff Colorado Snack Foods, LLC is a Colorado Limited Liability Company having its principal place of business at 520 Stacy Ct., Unit D, Lafayette, Colorado, 80026. Colorado Snack Foods, LLC owns the trademark registrations to the ROCKY MOUNTAIN POPCORN COMPANY marks that are at issue in this case.

3. Upon information and belief, Defendant Rocky Mountain Kettle Corn, LLC ("Defendant") is a Utah Limited Liability Company having its principal place of business at 1874 N. 40 E, Orem, Utah, 84057. Defendant conducts business, advertises, sells, and distributes its products in Utah. Defendant's sales and distributions affect the commerce of the United States.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

5.   Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

6.   Plaintiff markets, distributes, and sells a variety of popcorn and snack foods nationwide.

7.   Since at least as early as 1995, Plaintiff has continuously used the mark "ROCKY MOUNTAIN POPCORN COMPANY" in commerce in connection with the nationwide advertising and sale of popcorn and snack foods.

8.   Plaintiff has received two trademark registrations from the United States Patent and Trademark Office ("USPTO") for its ROCKY MOUNTAIN POPCORN COMPANY trademark:

| Mark | Registration No. | Date of Registration | Goods Description |
|---|---|---|---|
| ROCKY MOUNTAIN POPCORN COMPANY (word only) | 2,773,547 | October 14, 2003 | Popped popcorn |
| ROCKY MOUNTAIN POPCORN COMPANY & Design | 2,301,900 | December 21, 1999 | Popped popcorn |

9.   Copies of Plaintiffs' two trademarks registrations for ROCKY MOUNTAIN POPCORN COMPANY are attached as *Exhibit 1*.

10. Pursuant to 15 U.S.C. § 1065, Plaintiff's trademark rights to ROCKY MOUNTAIN POPCORN COMPANY and Design has become incontestable.

11. Plaintiff has expended considerable effort and expense advertising, marketing, and promoting the mark in the United States. Consequently, the public has come to recognize and rely on the ROCKY MOUNTAIN POPCORN COMPANY mark and the mark has gained a valuable reputation.

12. Plaintiff's trademark ROCKY MOUNTAIN POPCORN COMPANY is inherently distinctive or has acquired distinctiveness through Plaintiff's continued and extensive use of the mark on its popcorn and snack foods.

13. In 2005, Plaintiff became aware that Defendant was using the term "ROCKY MOUNTAIN KETTLE CORN" to market and sell a line of popcorn and snack foods. Defendant's ROCKY MOUNTAIN KETTLE CORN products contain the same or similar ingredients as those contained in Plaintiff's ROCKY MOUNTAIN POPCORN COMPANY products. Indeed, Plaintiff markets and sells kettle corn within its line of popcorn products sold under its ROCKY MOUNTAIN POPCORN trademark.

14. Defendant's ROCKY MOUNTAIN KETTLE CORN trademark is confusingly similar to Plaintiff's registered ROCKY MOUNTAIN POPCORN COMPANY trademarks, as both marks feature the identical terms ROCKY MOUNTAIN, and KETTLE CORN and POPCORN have overlapping meanings and are visually and phonetically similar. As such, both marks are similar in appearance, verbal pronunciation, and commercial impression.

15. Plaintiff's and Defendant's products are both sold and marketed as snack food products to the same general class of consumers.

16. After Defendant began using the phrase ROCKY MOUNTAIN KETTLE CORN as a trademark, Plaintiff began receiving inquiries from customers and potential customers who were actually confused into believing that Plaintiff and Defendant were the same or related companies.

17. In May, 2004, Defendant attempted to register its mark ROCKY MOUNTAIN KETTLE CORN with the USPTO by filing a trademark application. Upon examination of Defendant's application, the USPTO rejected Defendant's mark based on a finding that it creates a likelihood of confusion with Plaintiff's registered marks. Thereafter, Defendant abandoned its trademark application, yet still continued to make actual use of its infringing mark in commerce.

18. At no time has Plaintiff given Defendant consent, license, or authorization to use the phrase ROCKY MOUNTAIN KETTLE CORN.

19. In 2005, Plaintiff notified Defendant that its use of the mark ROCKY MOUNTAIN KETTLE CORN was causing actual confusion, and was likely to cause consumer confusion, about the source, affiliation or sponsorship of Defendant's products. Accordingly, Plaintiff demanded that Defendant discontinue its use of the infringing mark ROCKY MOUNTAIN KETTLE CORN.

20. Despite being unequivocally warned and put on notice of Plaintiff's senior rights to the ROCKY MOUNTAIN POPCORN COMPANY trademark for snack foods

and popcorn, Defendant has refused to stop and has willfully continued use of the infringing ROCKY MOUNTAIN KETTLE CORN mark. .

### FIRST CAUSE OF ACTION
(TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

21.  Plaintiff re-alleges and incorporates by this reference the preceding allegations of the Complaint.

22.  Plaintiff possesses two valid registrations issued by the United States Patent and Trademark Office for ROCKY MOUNTAIN POPCORN COMPANY (one of which is incontestable): Registration Nos. 2,773,547 and 2,301,900 for popped popcorn. Copies of Plaintiff's ROCKY MOUNTAIN POPCORN COMPANY trademark registrations are attached as *Exhibit 1*.

23.  Defendant's actions as described above, and specifically Defendant's unauthorized use of the ROCKY MOUNTAIN KETTLE CORN mark to identify and promote its products, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's ROCKY MOUNTAIN KETTLE CORN product by Plaintiff. Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

24.  Defendant's trademark infringement has caused and continues to cause irreparable injury to the value and goodwill of Plaintiff's trademark, as well as irreparable injury to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain.

25. Defendant's continued use of its ROCKY MOUNTAIN KETTLE CORN trademark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's mark. Plaintiff, therefore, is entitled to disgorgement of Defendant's profits and attorneys' fees and costs incurred in this action, along with prejudgment interest.

## SECOND CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT UNDER § 43(a) OF THE LANHAM ACT)

26. Plaintiff re-alleges and incorporates by this reference the preceding allegations of the Complaint.

27. The Defendant's actions as described above, and specifically Defendant's unauthorized use of the ROCKY MOUNTAIN KETTLE CORN mark to identify and promote its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's ROCKY MOUNTAIN KETTLE CORN products by Plaintiff. Defendant's conduct constitutes the use of a false designation of origin and false descriptions and representations in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendant's false designation of origin and false descriptions and representations have caused and continue to cause irreparable injury to the value and goodwill of Plaintiff's trademark, as well as irreparable injury to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain.

29. Defendant's continued use of the ROCKY MOUNTAIN KETTLE CORN trademark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's mark. Plaintiff, therefore, is entitled to disgorgement of Defendant's profits and attorneys' fees and costs incurred in this action, along with prejudgment interest.

## **THIRD CAUSE OF ACTION**
(UTAH DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

30. Plaintiff re-alleges and incorporates by this reference the preceding allegations of the Complaint.

31. The Defendant's actions described above, and specifically Defendant's use of the mark ROCKY MOUNTAIN KETTLE CORN on its products, have caused or are likely to cause confusion or misunderstanding by actual and prospective purchasers and customers regarding the true source, sponsorship, approval, affiliation, connection, or association of the Defendant's product. This conduct constitutes a deceptive trade practice and/or deceptive or misleading advertising practice in violation of Utah Code Ann. § 13-11a-1 *et seq*.

32. Defendant's deceptive trade practices and/or deceptive or misleading advertising practices have caused and continue to cause irreparable injury to the value of Plaintiff's ROCKY MOUNTAIN POPCORN COMPANY mark, as well as irreparable injury to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because Defendant's actions are continuing and damages are difficult to ascertain.

33. Plaintiff gave notice to the Defendant of its infringement of Plaintiff's mark and Defendant has refused to cease its infringing activity. Thus, Plaintiff is also entitled to an injunction against the Defendant pursuant to Utah Code Ann. § 13-11a-4(2).

## JURY DEMAND

Plaintiff requests a trial by a jury of all issues.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief and requests that:

a. The Court grant preliminary and permanent injunctive relief enjoining the Defendant and each of its officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert with and having knowledge thereof, from using the mark ROCKY MOUNTAIN KETTLE CORN or ROCKY MOUNTAIN POPCORN COMPANY or any other mark confusingly similar thereto in connection with the promotion, sale, or offer of sale of snack foods or popcorn products;

b. The Court order that Defendant account to Plaintiff for all sales, revenues, and profits derived from sale of products under the infringing ROCKY MOUNTAIN KETTLE CORN trademark, and that all such profits be disgorged and paid to Plaintiff;

c. The Court order Defendant to withdraw and recall all infringing literature, packaging, advertising material, labels, and other items bearing the mark

ROCKY MOUNTAIN KETTLE CORN, and either deliver those materials to Plaintiff for destruction or arrange for their destruction in a manner acceptable to Plaintiff;

        d.    The Court order the Defendant to conduct corrective advertising sufficient to inform the consuming public that there is no connection between Plaintiff and the Defendant.

        e.    The Court award Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

Dated this 24th day of January, 2006

Respectfully submitted,

*/s/ Jennifer L. Lange*

Timothy P. Getzoff
Jennifer L. Lange
HOLLAND & HART LLP

**ATTORNEYS FOR PLAINTIFF
COLORADO SNACK FOODS, LLC**

Plaintiff's Address:
520 Stacy Ct., Unit D
Lafayette, Colorado, 80026

3312241_1.DOC

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Colorado Snack Foods, LLC

(b) County of Residence of First Listed Plaintiff: Boulder County, CO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Timothy P. Getzoff & Jennifer L. Lange, Holland & Hart LLP
60 E. So. Temple, Suite 2000 SLC, UT 84111 (801)595-7800

## DEFENDANTS
Rocky Mountain Kettle Corn, LLC

County of Residence of First Listed Defendant: Utah County, UT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED
U.S. DISTRICT COURT
2006 JAN 24 P 4: 25
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1051
Brief description of cause:
Trademark infringement and unfair competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunctive Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 1/24/06
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jennifer L. Lange

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 01/24/2006 @ 16:26:22
CASE NUMBER: 2:06CV00073 TS